CASE No. 802.

ADGER & CO. v. PRINGLE.

1. A Circuit decree, which gave full directions for its execution, having been affirmed on appeal, and the *remittitur* filed in the court below, no further order or judgment from the Circuit Court is necessary.
2. If such order were required, its omission would involve a question of regularity and not of jurisdiction, and would not be appealable.
3. Further proceedings by the Circuit Court under such decree, are not affected by the pendency of a motion before the Chief Justice to withdraw the *remittitur* and for leave to file a petition for rehearing, there being no order staying proceedings.

Before FRASER, J., Charleston, June, 1879.

The Circuit decree referred to in the opinion, will be found at length in 11 *S. C.* 527, where the case, upon its first hearing, is fully reported. After the dismissal of that appeal, the *remittitur*, announcing the result, was filed in the office of the clerk of the Circuit Court for Charleston county. Thereafter, Mr. Bryan, the referee, filed the following report:

The undersigned, heretofore appointed special referee in this case, begs leave respectfully to report.

C

That in accordance with the decree of this honorable court, bearing date May 1st, 1878, as affirmed by the Supreme Court, he has paid out of the funds in his hands, realized from the sale of the White House and Greenfield plantations, sold as the property of the estate of the late John Julius Izard Pringle, the principal and interest due upon the Gadsden and Lide bonds. There being not sufficient funds in his hands to fully pay and satisfy said bonds, he has paid the same ratably and in proportion, as follows. * * *

At a reference held for the purpose of making the distribution as above reported, the counsel for A. G. Rice, made the following objections, which were overruled, and the funds distributed as above stated.

" The defendant objects to the action of the referee in taking cognizance of the case of *Adger* v. *Pringle*, because—

" 1. The referee officially knows that the case was carried by the appeals out of the jurisdiction of the Circuit Court into the jurisdiction of the Supreme Court, and the referee can only be officially informed of its restoration to the jurisdiction of the Circuit Court, by a copy of the order of the Circuit Court, making the judgment of the Supreme Court the judgment of the Circuit Court; and because—

" 2. The parties in the cause are entitled to be heard in the Circuit Court, on the motion for such order as to the judgment of the Supreme Court.

" 3. That the judgment of the Supreme Court sustains as debts to be paid out of the proceeds of the sale of the descended lands, the amounts due upon the *lost bonds* of the ancestor, John Julius Izard Pringle, at the date of the death, which bond has never yet been stated before the referee or the Circuit or Supreme Court, and, when stated, the parties affected by it are entitled to notice and opportunity to claim, as payments on account, whatever sums (with interest on such payments, if interest is allowed on the debts,) have been paid by the heirs upon the new bonds set up as collaterals to the lost bonds.

" 4. That the construction put upon the judgment of the Supreme Court by the solicitors of Lide and Gadsden, differs materially from the construction put upon it by the counsel for A. G.

Rice, and the Circuit Court is the proper tribunal to pass upon that question.

" 5. The judgment of the Supreme Court subjects the proceeds of the lands descended and mortgaged to the payment by the heirs of the debt of the ancestor, just as the land was liable. The land was liable only subject to the right of dower of Mrs. Jane Pringle, viz., one-sixth of the fee simple value. This right having been conveyed by Mrs. Pringle in the mortgage, those who are secured by the mortgage are entitled to claim the one-sixth of the proceeds."

The question of costs has not been passed upon.

After this report was filed and on June 14th, 1879, counsel for Rice gave notice to other counsel, and served copy of petition to Supreme Court for review, and of motion to be made before the Hon. A. J. Willard, Chief Justice, for leave to file such petition, and for an order withdrawing the *remittitur*. On June 20th such motion was made. Before any decision thereupon, but with knowledge that such motion had been made, the Circuit judge, by order dated June 26th, confirmed the report of the referee, affirmed his acts and discharged him from all further responsibility.

To this order exceptions were taken by defendant Rice, for the purpose of appealing, upon the grounds set forth in the referee's report, and upon the additional ground that motion to recall *remittitur* and file petition for review, was then under advisement by the Supreme Court.

*Messrs. Simonton & Barker*, for appellants, cited *No.* 20, *Rules of Supreme Court;* 1 *Wait Dig.* 108, *No.* 430; 52 *N. Y.* 653; 1 *Abb.* 262; 3 *Cr.* 330; 8 *T. R.* 424; *Wait An. Code* 24; 51 *Barb.* 493; 1 *Bouv. L. Dict., tit.* " *Judgment;*" 5 *Rich. Eq.* 166; 3 *Rich. Eq.* 466; 8 *S. C.* 344.

*Mr. S. Lord, Jr.*, contra.

January 9th, 1880. The opinion of the court was delivered by

WILLARD, C. J. This cause was, at a prior term of this court, heard on appeal from the Circuit decree, and that decree was

affirmed.   The *remittitur* of this court was issued and filed in the
Circuit Court April 30th, 1879.   In pursuance of the directions
of this decree so affirmed, the referee thereby designated pro-
ceeded to carry out the provisions of that decree, and accordingly
filed his report.   No exceptions appear to have been filed to that
report, and it must accordingly be regarded as entirely conform-
able to the decree on which it was based.   This report was con-
firmed by the Circuit decree, which is now appealed from.   The
objection to the Circuit decree can only be considered on the
ground of alleged irregularity, for there being no exceptions to
the report of the referee, and the merits not being considered in
this decree apart from the question of confirming the report, we
cannot regard the merits as open before us.

The objection to the decree is that no order or judgment had
been entered on the *remittitur* previous to the action by the referee
under the decree.   It is contended that there should have been
an order making the judgment of the Supreme Court the judg-
ment of the Circuit Court, and that, until such order was made,
the Circuit Court had no jurisdiction to proceed with the case.
If the judgment of the Circuit Court had been varied or modified,
there would be ground for an order making the judgment of the
Supreme Court that of the Circuit Court, but such was not the
case.   No authority has been shown as rendering it necessary
that an affirmed judgment should be supported by such an order,
and there is no reason for such a conclusion.   It is unimportant
to consider the authorities that have been cited to show that a
judgment of the appellate court cannot be enforced by execu-
tion, as a judgment of the Circuit Court, until made such by a
competent order for that purpose, for that proposition has no re-
lation to a case where a court is proceeding to carry out the prin-
ciples of its own decree, with a view to a final decree that has
been affirmed on appeal.

It is altogether a misapprehension to affirm lack of jurisdiction
in the Circuit Court for want of such an order.   It had its record
in the cause before it with the affirmation of the Supreme Court
upon it.   The decree affirmed pointed out the means by which
it was to be carried out and executed, namely, through the action
and report of a referee, named for that purpose.   No necessity

existed for an application to the court to enable the referee to perform the duties required by the decree. If such an order as the appellant contends for had been required, its omission would not involve a question of jurisdiction, but merely one of regularity, not affecting the merits, and which, as such, could not be brought here by appeal.

It is contended that knowledge was brought down to the Circuit judge that a proceeding was pending preliminary to asking a review of the former judgment of this court in the case. As there was no stay of proceedings, the Circuit judge was not bound to take notice of such application.

The appeal should be dismissed.

MCIVER and McGOWAN, A. J.'s, concurred.